IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**LAWYER WHEELER, and**                                                   **PLAINTIFFS**
**ASHLEY SELMAN FARMS**
**PARTNERSHIP**

**V.**                                                             **NO. 4:23-CV-243-DMB-JMV**

**UMB BANK, N.A.; and HORNE LLP**                                  **DEFENDANTS**

**ORDER**

This Court granted the plaintiffs' motion to remand this case to the Circuit Court of Leflore County based on its determination that, due to ambiguities in Mississippi law as to whether aiding and abetting fraud is a cognizable claim or whether establishing a duty is a required element of such claim, Horne LLP was not improperly joined. UMB Bank moves to stay the remand order based on a pending interlocutory appeal petition in the Mississippi Supreme Court filed by different plaintiffs in a similar state court case against it and Horne where the state court dismissed the aiding and abetting fraud claim against Horne. Because there is no dispute that at the time of removal, the status of Mississippi law on the viability and/or elements of an aiding and abetting fraud claim was uncertain, the remand order will not be stayed.

**I**
**Relevant Procedural History**

On November 29, 2023, Lawyer Wheeler and Ashley Selman Farms Partnership filed a complaint in the Circuit Court of Leflore County, Mississippi, against UMB Bank, N.A., and Horne LLP, asserting claims related to their delivery of grain to Express Grain Terminals for which they were never paid, specifically (1) aiding and abetting fraud by Express Grain; (2) intent, negligence, negligence per se, and gross negligence; (3) negligent misrepresentation; and (4)

unjust enrichment. Doc. #2 at 17–21. Asserting diversity jurisdiction and, alternatively, bankruptcy jurisdiction,[1] UMB Bank removed the case to the United States District Court for the Northern District of Mississippi on December 29, 2023. Doc. #1. The same day, Horne joined in the removal. Doc. #4. Regarding diversity jurisdiction, UMB Bank and Horne alleged that Horne was improperly joined. Doc. #1 at 7–8; Doc. #4 at 11.

On July 30, 2024, this Court granted the plaintiffs' motion to remand this case to the Circuit Court of Leflore County based on its determination that Horne was not improperly joined due to ambiguities in Mississippi law as to whether aiding and abetting fraud is a cognizable claim or whether establishing a duty is a required element of such claim.[2] Doc. #57. Three days later, UMB Bank filed a motion to stay remand. Doc. #58. The plaintiffs timely responded in opposition, and UMB Bank timely replied. Docs. #60, #62.

**II**
**Discussion**

In requesting a stay of this Court's remand order, UMB Bank argues that (1) in a similar case filed against it and Horne where the state court dismissed the aiding and abetting fraud claim against Horne along with all other claims, there is a petition pending in the Mississippi Supreme Court which could "resolve the very question of law that this Court deemed unsettled" so "there could be an 'intervening change in controlling law;'" (2) "any effort to enforce the one-year rule [to remove under 28 U.S.C. § 1446(c)(1)] will prejudice [it] if a stay is not granted" because "any removal would have to occur by November 29, 2024;" (3) a stay will not prejudice the plaintiffs because either way they will have to wait until the Mississippi Supreme Court decides the pending petition; and (4) denying a stay risks judicial inefficiency. Doc. #59 at 1, 5–7.

---

[1] Express Grain filed a voluntary Chapter 11 bankruptcy petition on September 29, 2021. Doc. #4-1.

[2] The Court also rejected bankruptcy jurisdiction as an alternative basis for jurisdiction. Doc. #57 at 12–24.

2

The plaintiffs respond that the motion to stay is meritless because (1) in substance it seeks reconsideration of the remand decision and such is not warranted because diversity jurisdiction did not exist at the time their complaint was filed so a subsequent possible change in Mississippi law would be irrelevant, and there was no clear error in the Court's remand ruling and no manifest injustice because the state court is equally capable of addressing any subsequent decision of the Mississippi Supreme Court; (2) the requested "stay of an unappealable remand order based on a possible future ruling in another case at an indefinite time on an issue that does not impact the Court's ruling on remand of a Complaint filed November 29, 2023 … is the epitome of [a reversable order] of 'immoderate or of an indefinite duration;'" and (3) a stay would not promote judicial efficiency because UMB Bank should have asked the Court to pause adjudication of the motion to remand when the state court plaintiffs filed the interlocutory appeal petition in the Mississippi Supreme Court on June 21, 2024. Doc. #61 at 3–6.

UMB Bank replies that (1) it does not seek reconsideration of the remand ruling but only a stay pending resolution of a related action asking the Mississippi Supreme Court to resolve the ambiguities upon which the Court's remand decision is premised; (2) it "seeks to address questions of Mississippi law" on the improper joinder issue, not whether "Horne's citizenship changed after removal;" (3) it could not have raised the state court petition in its briefing on the motion to remand because the state court petition was filed almost five months later; (4) the plaintiffs make no effort to refute the prejudice it would suffer based on § 1446(c)(1)'s one-year removal bar; and (5) "even if some of the issues in the appeal could apply equally to both [it and Horne], that would not bar a finding of improper joinder" because the plaintiffs' contentions for liability against Horne are different from their contentions against it. Doc. #62 at 1, 3–6.

This Court begins its analysis of the parties' arguments with the reason it granted the

3

plaintiffs' motion to remand—the ambiguity and uncertainty of Mississippi law regarding the viability and/or elements of an aiding and abetting fraud claim dictated the improper joinder issue be resolved in favor of the plaintiffs and remand, and not be subject to this Court's *Erie* speculation.³  Doc. #57 at 11 (citing *Fairley v. ESPN, Inc.*, 879 F. Supp. 2d 552, 556 (S.D. Miss. 2012); *Rico v. Flores*, 481 F.3d 234, 243–44 (5th Cir. 2007)).  UMB Bank does not cite, and the Court has not found, any authority supporting a different result on this precise issue.  *See D & J Invs. of Cenla, L.L.C. v. Baker Hughes a G E Co.*, 52 F.4th 187, 196 (5th Cir. 2022) ("Because under our standard for determining improper joinder, any ambiguity or uncertainty in the controlling state law must be resolved in Plaintiffs' favor, we must reverse the district court's dismissal without prejudice of LDEQ and its denial of Plaintiffs' motion for remand.") (internal footnote omitted).

More, because the status of Mississippi law as to the aiding and abetting fraud claim was ambiguous and uncertain at the time UMB Bank removed this case (and when the complaint was filed), the Court was not required to wait until Mississippi's highest court may decisively address the matter, if at all, before deciding the remand issue.⁴  *See Palmquist v. Hain Celestial Grp., Inc.*, 103 F.4th 294, 301 (5th Cir. 2024) ("We conduct our improper joinder analysis 'on the basis of claims in the state court complaint as it exists at the time of removal.'") (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995)).  It would be both judicially inefficient and imprudent to delay execution of the remand order here when there is no certainty the Mississippi Supreme Court will even entertain the state court request for interlocutory review.  *See,*

---

³ For this reason, the Court does not consider UMB Bank's request to stay as a request for reconsideration and thus will not analyze the motion to stay as such.  A request for reconsideration implies that at the time UMB Bank filed the motion to stay, the Mississippi Supreme Court had not only decided to consider the state court interlocutory appeal petition but also adversely decided such petition against the state court plaintiffs.  That is not the case.

⁴ The Court agrees with the plaintiffs that if Mississippi law later determines an aiding and abetting fraud claim is not viable, such would not change the fact that at the time of removal, the law in that regard was uncertain.

4

*e.g.*, Doc. #59 at 3 (UMB Bank's recognition that Mississippi Supreme Court could "declin[e] to accept the appeal, or … rul[e] on the merits of the … appeal"); Doc. #62 at 2 (UMB Bank's characterization of state court petition as yielding "likely resolution"). A remand order deciding an improper joinder issue based on the uncertainty of state law must be afforded some finality when made or it would be subject to future possible and unpredictable developments in state law for an unknown period, and waiting to see if there are any such state law developments would waste time the case could be proceeding with the litigation process in state court.

To the extent UMB Bank cites the Southern District of Mississippi's 2016 decision in *Davenport v. HansaWorld, USA*[5] in support of its stay request, the district court's decision there to stay the federal action "pending a decision by the Mississippi Supreme Court in the pending appeal in the related state court action"[6] does not involve an improper joinder issue, much less one where applicable state law was unsettled.[7] Nor does the Fifth Circuit's 1995 unpublished opinion in *In re Beebe*,[8] also cited by UMB Bank, address an issue of improper joinder.[9]

Finally, the Court rejects UMB Bank's conclusory claim of prejudice if a stay is not granted before November 29, 2024—when, according to UMB Bank, its one-year period to remove under § 1446(c) expires. UMB Bank cites no authority to support such a prejudice finding. And the Court sees no undue prejudice to UMB Bank when the state court is equally if not more capable of addressing the solely state law claims in the plaintiffs' complaint, regardless of any later determination by the Mississippi Supreme Court as to the maintenance of an aiding and abetting

---

[5] No. 2:12-cv-233, 2016 WL 320953 (S.D. Miss. Jan. 25, 2016).

[6] *Id.* at *3.

[7] Besides, *Davenport* is not binding on this Court.

[8] No. 95-20244, 1995 WL 337666 (5th Cir. May 15, 1995).

[9] In *In re Beebe*, the Fifth Circuit granted a writ of mandamus instructing the district court to vacate a stay order. *Id.* at *5.

5

fraud claim.[10]

### III
### Conclusion

UMB Bank's motion to stay remand [58] is **DENIED**.  The Clerk of the Court is directed to immediately proceed with certifying and mailing to the Circuit Court of Leflore County this Court's July 30 order remanding this case.

**SO ORDERED**, this 12th day of November, 2024.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[10] The Court agrees with UMB Bank that it makes no difference that the plaintiffs allege the same claims against Horne as they do against it since only Horne's joinder is alleged to be improper.

6